# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERNON SNYPE, | : |
|     Petitioner | :   CIVIL ACTION NO. 3:CV-17-1280 |
| v. | :          (Judge Mannion) |
| WARDEN SPAULDING, | : |
|     Respondent | : |

## MEMORANDUM

Vernon Snype, an inmate presently confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). Snype challenges a sentence imposed by the United States District Court for the Southern District of New York for bank robbery. Id. Specifically, Petitioner raises "an unaddressed claim of a 'new statutory interpretation', that is retroactive, and therefore, could not have been invoked in first 2255 motion; and as a result, petitioner's enhanced sentence beyond the statutory maximum rises to the level of a miscarriage of justice." Id. A response and traverse having been filed, the petition is ripe for disposition. For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I. Background

On June 1, 2004, following a jury trial in the United States District Court for the Southern District of New York, Snype was found guilty on one count

of conspiracy to commit bank robbery, in violation of 28 U.S.C. §371, 2113.[1] See United States v. Snype, 441 F.3d 119 (2nd Cir. 2006). He was sentenced to life in prison pursuant to §70001(2) of the Violent Crime Control and Law Enforcement Act of 1994 (commonly referred to as the "three-strikes" law). Id. Snype was given an enhanced sentence because the robbery conspiracy conviction, and his three prior convictions for New York State robbery, were serious violent felonies.[2] Id.

Snype filed an appeal of his judgment and sentence to the Second Circuit Court. Id. On March 17, 2006, Snype's conviction was affirmed by the United States Court of Appeals for the Second Circuit. See, United States v. Snype, 441 F.3d 119 (2nd Cir. 2006), cert. denied, 549 U.S. 923 (2006), rehearing denied, 549 U.S. 1090 (2006).

On October 24, 2007, Petitioner filed a motion to vacate, set aside, or

---

[1] The jury was unable to reach a verdict on substantive charges of bank robbery, see 18 U.S.C. §2113(a); aggravated bank robbery, see id. §§ 2113(d); and using a firearm in relation to aggravated bank robbery, see id. § 924(c), prompting the district court to declare a mistrial and to sever those counts for retrial following resolution of this appeal. Id.

[2] Robbery and conspiracy to commit robbery are expressly defined as being a "serious violent felony" under the three-strikes law. 18 U.S.C. §3559(c)(2)(F).

2

correct sentence, pursuant to 28 U.S.C. §2255, seeking to vacate his sentence on the grounds that: (1) he was denied effective assistance of counsel; and (2) the court incorrectly calculated the amount of restitution owed. See U.S. v. Snype, 2009 WL 2611930 (S.D. N.Y. Aug. 24, 2009).

By Memorandum decision dated August 24, 2009, Petitioner's §2255 motion was denied. Id. On October 6, 2009, Petitioner's motion for reconsideration was denied. See U.S. v. Snype, 2009 WL 3172728 (Oct. 6, 2009).

On February 12, 2014, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 with this Court, challenging his federal sentence on the basis that it was "enhanced based upon unconstitutional prior state convictions". See Snype v. U.S., Civil No. 3:14-cv-0249 (M.D. Pa. April 29, 2014). By Memorandum and Order dated April 29, 2014, the petition for writ of habeas corpus was dismissed without prejudice to Petitioner requesting leave from the Second Circuit to file a second or successive petition. Id.

In May, 2014, Snype petitioned the United States Court of Appeals for the Second Circuit for leave to file a second or successive petition in United States District Court for the Southern District of New York. Snype v. U.S., No.

14-1562 (2nd Cir. June 5, 2014).

By Order dated June 5, 2014, the Second Circuit Court of Appeals denied Snype's request to file a second or successive §2255 motion because "[n]one of Petitioner's claims rely on any newly discovered evidence within the meaning of §2255(h), or a new rule of law that has been made retroactive to cases on collateral review by the Supreme Court." Id.

On July 11, 2014, Petitioner filed a second petition for writ of habeas corpus in this Court, pursuant to 28 U.S.C. §2241, again challenging the District Court's enhancement to his sentence as "based upon unconstitutional prior state convictions." See Snype v. U.S., Civil No. 3:14-cv-1471 (M.D. Pa. Dec. 3, 2014). By Memorandum and Order dated December 3, 2014, the petition for writ of habeas corpus was dismissed without prejudice for lack of jurisdiction. Id. The District Court's decision was affirmed on August 25, 2015, by the United States Court of Appeals for the Third Circuit. See Snype v. U.S., No. 15-1034 (3rd Cir. Aug. 25, 2015).

On December 12, 2014, and January 30, 2015, Snype filed new §2255 motions challenging his sentence in the Southern District of New York. Snype v. U.S., No. 7:14-cv-10283 (S.D. N.Y.); Snype v. U.S., No. 15-0817 (S.D. N.Y.). On February 10, 2015, the sentencing court transferred the motions to

4

the Second Circuit Court of Appeals for consideration of whether to grant leave to file a successive petition. On August 31, 2015, the Second Circuit denied Snype leave to file a successive petition pursuant to §2255. Snype v. U.S., No. 15-2135 (2nd Cir.).

On June 14, 2016, Snype filed yet another motion with the Second Circuit seeking leave to file a successive §2255 motion. Snype v. U.S., No. 16-cv-1898 (2nd Cir.). In this motion, Snype, relying upon Johnson v. United States, — U.S. —, 135 S. Ct. 2551 (2015), which addressed the Armed Career Criminal Act (ACCA), asserted that he should be permitted to file a successive §2255 motion allegedly because the residual clause of 18 U.S.C. §3559(c), was unconstitutionally vague. More specifically, Snype claimed that his conviction for conspiracy to commit bank robbery did not constitute a "serious violent felony" under the three-strikes law. Snype, No. 16-1898. Although the Government has opposed[3] Snype's motion for leave to file a successive §2255 motion, the Second Circuit has stayed the action, pending the outcome of two other pending Second Circuit appeals. Id.

On July 20, 2017, Snype filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Snype, again challenges his life

---

[3](See Doc. 4-1, copy attached).

sentence for conspiracy to commit bank robbery. Specifically, Snype relies on the United States Supreme Court's recent holding in Mathis v. United States, — U.S. —, 136 S.Ct. 2243 (2016), and states the following in support of his petition:

> On the date of June of 2016, the U.S. Supreme Court discussed the correct approach to applying the enumerated clause in the ACCA. The court explained, a prior crime qualifies as a predicate offense only if its elements are the same or narrower than those of the generic offenses listed in the statutes. When a statute is indivisible, a court can determine whether a crime counts as a predicate by lining up the crimes elements. However, in the case of a divisible statute, where the statute list elements in the alternative, a court employs the "modified categorical approach." See Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed 2d 604 (2016)
>
> As a result of the district court applying the categorical approach to a "divisible statute", petitioner's sentence was far beyond the statutory maximum for the crime of convictions. Petitioner was convicted of violating 18 USC §371. This offense carries a statutory maximum of five years imprisonment, however, Petitioner's sentence was 'enhanced' to a sentence of Life imprisonment as a result of the district courts misapplication of the categorical approach. This sentence rises to the level of a miscarriage of justice and petitioner; due to changes in the law that occurred after sentence and initial 2255, could not involk (sic) these claims.

(Doc. 1, petition).

## II. **Discussion**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. See 28 U.S.C. §2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to §2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255(e). To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re

Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). This safety valve language in Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir. 1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan–Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.

Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251–52.

In the instant case, Snype is not entitled to resort to seeking habeas relief under 28 U.S.C. §2241 on the grounds that a petition under 28 U.S.C. §2255 motion is "inadequate or ineffective". The record before this Court, and not contested by Petitioner, demonstrates that Snype currently has a petition to file a second or successive §2255 petition pending before the United States Court of Appeals for the Second Circuit. See Snype v. U.S., No. 16-cv-1898 (2nd Cir.). Although the petition is stayed pending resolution of other Circuit cases, there exists the possibility that Petitioner will be permitted to file a second or successive petition. As such, Petitioner's remedy by way of a motion under §2255 has not been foreclosed as unavailable or inadequate. Also, Snype sets forth no reason as to why he could not amend his pending motion to file a second or successive §2255, to raise the instant claim in

9

support of his §2255 motion.[4] The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255 and Snype fails to demonstrate that he falls within the Dorsainvil exception. If a petitioner improperly challenges a federal conviction or sentence under §2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir. 1971).

---

[4]The Court finds the Third Circuit's recent opinion in United States v. Peppers, No 17-1029, 2018 WL 3827213 (3d Cir. Aug. 13, 2008) to be instructive. In Peppers, the Court of Appeals identified Mathis v. United States,— U.S. —, 136 S.Ct. 2243, 195 L.Ed 2d 604 (2016), Descamps v. United States, 570 U.S. 254 (2013), and Johnson v. United States, 559 U.S. 133 (2010) ("Johnson 2010") as Supreme Court Cases which provide important guidance on how to interpret whether a conviction falls within a given clause of the ACCA. The Court of Appeals found that although the Supreme Court has never held that Mathis, Descamps, or Johnson 2010 apply retroactively to cases on collateral review, "once defendant has satisfied the gatekeeping requirements for filing a second or successive motion to vacate his sentence by relying on Johnson [v. United States, — U.S. —, 135 S. Ct. 2551 (2015)], he may use post-sentencing cases such as Mathis, Descamps and Johnson 2010 to support his Johnson claim because they are Supreme Court cases that ensure we correctly apply the ACCA's provisions". United States v. Peppers, No. 17-1029, 2018 WL 3827213 at *13 (3d Cir. Aug. 13, 2008).

## III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 28, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1280-01.wpd